UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LAYTULAR MEANS,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. 7:22-cv-1287-CLS |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Claimant, Laytular Means, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards. Specifically, claimant asserts: (1) the ALJ failed to fulfill her duty to fully and fairly develop the record regarding the claimant's education and vocational history; (2) substantial evidence did not support the ALJ's finding that claimant failed to satisfy the criteria of Listing 12.05B; and (3) substantial evidence did not support the residual functional capacity assigned by the ALJ. Upon review of the record, the court concludes that these contentions are without merit.

**A.    Failure to Develop the Record**

Claimant asserts that the ALJ erred by failing to fully and fairly develop the record as to her educational and vocational history. The ALJ has a "basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). However, claimant must show prejudice as a result of evidentiary gaps in the record in order to justify remand to the Commissioner. *See id.* (citing *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995)). Claimant argues only that the ALJ should not have found that she had at least a high school education in the face of

conflicting evidence in the record. Even so, the ALJ found that plaintiff was limited to "*unskilled work* with infrequent changes," based upon the consultative psychological evaluation of Donald Blanton, Ph.D.[1] Further development of claimant's educational record would not have changed the ALJ's determination that she could only perform unskilled work.

Likewise, claimant has not shown prejudice because of the ALJ's failure to develop the vocational record beyond the evidence presented. Claimant contends that the ALJ erroneously found that operating a sewing machine was one of the duties of claimant's composite job.[2] Regardless of that finding, the ALJ concluded that claimant could not perform her past relevant work. Accordingly, claimant's argument must fail.

**B.     Listing 12.05B**

Claimant contends that, despite the ALJ's contrary finding, she meets the requirements of Listing 12.05B. That listing requires, in relevant part:

> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
>      a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

---

[1] Tr. 23 (emphasis supplied).

[2] Notably, the job of "sewing machine operator" is semi-skilled work, but the ALJ determined, based upon all of the record evidence, that plaintiff could only perform unskilled work.

3

  b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal performance score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive function currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning.

  a. Understand, remember, or apply information (see12.00E1); or

  b. Interact with others (see 12.00E2); or

  c. Concentrate, persist, or maintain pace (see 12.00E3); or

  d. Adapt or manage oneself (see 12.00E4); and

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of the age 22.

20 C.F.R. 404, Subpt. P, App. 1, § 12.05B (2021).

  Dr. Blanton examined claimant on two occasions. He initially evaluated her on November 23, 2021, and assessed her as having moderate limitations in her ability to understand, remember, and carry out simple instructions, and to make judgments on simple work-related decisions.[3] He also found that she had a marked restriction in her ability to understand, remember, and carry out complex instructions, and to

---

[3] Tr. at 406.

make judgments on complex work-related decisions.[4] Claimant was evaluated again on March 15, 2022. The Wechsler Adult Intelligence Scale IV was administered, and claimant obtained a full-scale IQ score of 61, placing her in the mild range of mental retardation.[5] Dr. Blanton opined that claimant "has marked limitations that seriously interfere with her ability to perform work-related activities on a day-to-day basis in a regular work setting in the following areas: understand detailed or complex instructions, carry out detailed or complex instructions, using judgment in detailed or complex work-related decisions."[6]

The ALJ considered Dr. Blanton's opinions, noting that the claimant had performed semi-skilled work in the past, but finding that his opinions were supported by claimant's test scores and were thus persuasive.[7] Claimant argues that the ALJ's finding that the opinions were persuasive, combined with the ALJ's finding that claimant had the severe impairment of mild intellectual disability, mandated a finding that claimant met Listing 12.05B, and a corresponding finding of disability. Claimant's argument only amounts to a disagreement with the ALJ's conclusion. This court's task is not to decide whether it agrees with the ALJ, or whether the ALJ

---

[4] *Id.*
[5] Tr. at 413.
[6] *Id*.
[7] Tr. at 24.

5

made the best decision, but simply to determine whether the ALJ's decision was supported by substantial evidence.

Based upon *all* of the evidence of record, the ALJ found that claimant's full-scale IQ of 61 satisfied subsection one of the listing.[8] She further found that claimant had a moderate limitation on understanding, remembering, or applying information and a mild limitation on her ability to interact with others.[9] Additionally, she found that claimant had a moderate limitation with regard to concentrating, persisting or maintaining pace, and a moderate limitation on adapting or managing herself.[10] The ALJ, examining the record as a whole, determined that claimant's work history was inconsistent with a marked limitation in adaptive functioning. Accordingly, she concluded that claimant did not satisfy the requirements of Listing 12.05B.

The court finds that the ALJ adequately justified her reasons for evaluating the listing's criteria as she did, and that her conclusion is supported by substantial evidence.

## C.  Residual Functional Capacity

The ALJ found that claimant had the residual functional capacity to perform work at the medium exertional level,

---

[8] Tr. at 19.
[9] *Id.* at 19-20.
[10] *Id.* at 21.

> except that she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; have occasional exposure to unprotected heights and hazardous machinery; understand and remember simple instructions; and maintain attention and concentration to carry out simple instructions in at least two-hour intervals over an eight-hour workday with customary work breaks. Changes in work environment would need to be gradually and infrequently introduced.

Tr. at 21. In determining claimant's physical residual functional capacity, the ALJ considered evidence from the claimant's medical records, multiple medical consultations, x-rays, and the claimant's subjective complaints.[11] The ALJ, relying on Dr. Blanton's psychological assessment, determined that claimant had the mental residual capacity to undertake unskilled work with limited changes.[12]

Claimant contends that the ALJ failed to link sufficiently the evidence to the residual functional capacity. To the contrary, the ALJ considered all of the medical evidence of record, and adequately justified her finding that claimant could perform medium work with physical and mental limitations. Further, in arriving at claimant's residual functional capacity, the ALJ specifically noted that she also accounted for claimant's subjective complaints and the exacerbating effects of her obesity. As such, the court concludes that the ALJ's determination of claimant's residual functional capacity is supported by substantial evidence.

---

[11] Doc. 9-3 at 23.

[12] Doc. 9-3 at 24 (citing Doc. 9-8 at 140-41, 150-51).

Accordingly, the ALJ's conclusion that claimant was not disabled was supported by substantial evidence, in accordance with applicable law, and the decision of the Commissioner is affirmed. A judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 20th day of July, 2023.

                                              _____
                                              Senior United States District Judge